N. Stephen Vokshori, Esq. (SBN 245570)
Luke Jackson (SBN 230084)
VOKSHORI LAW GROUP, APLC
1010 Wilshire Blvd., STE 1404
Los Angeles, CA 90017
Telephone (213) 986-4323
Facsimile (310) 881-6996
Email: bankruptcy@voklaw.com

Attorneys for Plaintiff

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA
### FRESNO DIVISION

|  |  |
|---|---|
| In re<br><br>ANTHONY WILLIAM VILLA,<br><br>    Debtor.<br>_____<br><br>VOKSHORI LAW GROUP,<br><br>A PROFESSIONAL LAW CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>ANTHONY WILLIAM VILLA,<br><br>    Defendant.<br>_____ | Case No.: 20-12269-B<br><br>Adv. Pro. No.: 20-01054-B<br><br>DCN: TCS-4<br><br>Chapter 7<br><br>PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR ATTORNEY'S FEES UNDER 11 U.S.C §523(d)<br><br>[11 U.S.C. §523(d)]<br><br>Date: May 25, 2022<br>Time: 11:00 AM<br>Crtrm: 13 (5th Floor)<br>United States Bankruptcy Court<br>2500 Tulare Street<br>Fresno, CA 93721-1318<br><br>The Hon. Rene Lastreto II |

    COMES NOW the Plaintiff Vokshori Law Group, A Professional Law Corporation,

(hereinafter "Plaintiff") and hereby Opposes the Motion for Attorney's Fees Under 11 U.S.C.

1

§523(d) by the Debtor Defendant Anthony William Villa (hereinafter "Debtor" or "Defendant"). Plaintiff consents to the Court's resolution of disputed factual issues pursuant to Rule 43(e), Fed. R. Civ. P., as made applicable to these proceedings pursuant to Rule 9017, Fed. R. Bankr. P.

# I.

## INTRODUCTION

The entirety of 11 U.S.C. § 523(d) cited by the Defendant is:

> d.  If a creditor requests a determination of dischargeability of a consumer debt under subsection (a)(2) of this section, and such debt is discharged, the court shall grant judgment in favor of the debtor for the costs of, and a ***reasonable*** attorney's fee for the proceeding ***if the court finds that the position of the creditor was not substantially justified, except that the court shall not award such costs and fees if special circumstances would make the award unjust***. [Emphasis added.]

Although the Defendant elides these requirements in his Motion, Section 523(d) requires a finding that (1) the adversary proceeding brought by Plaintiff was *not* substantially justified, (2) there are no special circumstances that would make the award sought *unjust* and (3) the award to Defendant's counsel is *reasonable.*

In the present case, Plaintiff's prosecution of this action was substantially justified based on Plaintiff's success in remarkably similar Section 523 dischargeability actions previously. *See* Exhibit A hereto. Plaintiff also respectfully submits that the award of over $38,000.00 sought by Defendant's counsel is unjust and unreasonable based upon the record in this action and at trial, as set forth more fully below.

# II.

## PLAINTIFF CREDITOR'S POSITION WAS SUBSTANTIALLY JUSTIFIED BASED ON PLAINTIFF'S PRIOR EXPERIENCE IN SECTION 523 ACTIONS

In the present case, the Court did *not* make a finding that the Plaintiff's Adversary Proceeding Complaint was filed and/or prosecuted without substantial justification. *See*

2

Memorandum Decision at Docket No. 100. Rather, the Court stated that it found in favor of the Debtor after full bench trial. The Court found Plaintiff's principal attorney Stephen Vokshori to be "knowledgeable, experienced, and very familiar with bankruptcy law and practice." Docket No. 100, p. 7, ll. 12-14. Nonetheless, the Court found that "VLG did not meet the burden of proof on the issues of intentional misrepresentation or justifiable reliance." Docket No. 100, p. 16, ll. 6-7.

In order for this Court to make a finding that this adversary proceeding "was not substantially justified," the Ninth Circuit has held this to mean that the proceeding lacked "a reasonable basis in both law and fact[1]." In re Hunt (9th Cir. 2001) 238 F.3d 1098, 1103, *citing* Pierce v. Underwood (1988) 487 U.S. 552, 565. In In re Hunt, the Ninth Circuit considered an award of attorneys' fees for abuse of discretion, and found that the trial court's decision to award fees was supported by the record in that the record showed *no evidence whatsoever* of *any evidence* supporting the Section 523 claim by creditor. Id.

The Ninth Circuit further stated that "[t]he purpose of Section 523(d) is to deter creditors from bringing *frivolous* challenges to the discharge of consumer debts. [Citations omitted.]" Id. at 1103 [Emphasis added]. If this adversary proceeding were "frivolous," it very likely would have been disposed of by dispositive motion well before bench trial. This was *not* a frivolous challenge.

Here, the Adversary Proceeding was not resolved by dispositive motion, i.e., Defendant's Motion to Dismiss Case (Docket Nos. 12-14) or a later Motion for Summary Judgment. If the proceeding was filed without any "reasonable basis in law and fact," generally that proceeding would be resolved adversely against the Plaintiff on the pleadings prior to a full bench trial. Rather, Plaintiff prevailed on Defendant's Motion to Dismiss and the case went forward to trial.

Rather, Mr. Vokshori's years of experience in bankruptcy as well as his prior success on a similar 11 U.S.C. § 523 adversary proceeding led Plaintiff to file and prosecute this case. Mr. Vokshori testified extensively as to the "red flags" presented by Defendant's behavior in this case that led to the adversary proceeding. This weighs against Plaintiff's having brought the adversary

---

[1] This lack of any reasonable basis in both law and fact mirrors the language supporting a malicious prosecution action in California that the action was brought without "probable cause" or a "reasonable belief" in its legitimacy. *See* Bertrero v. National General Corp. (1974) 13.Cal.3d 43, 118 Cal.Rptr 184. Courts have considered this a difficult burden for the claimant to meet. Id.

proceeding without substantial justification and as a "frivolous challenge." *See* Memorandum of Decision and Order attached as Exhibit A.

Defendant's counsel opines that any competent bankruptcy attorney would have known that this adversary proceeding would be unsuccessful. However, Plaintiff has brought nondischargeability actions in similar factual scenarios and prevailed. Declaration of N. Stephen Vokshori attached hereto (hereinafter "Vokshori Decl."), Para. 3 and Exhibit A.

As a review of the attached Memorandum Decision and Order ("MDO") attached as Exhibit A indicates, there were many similarities between that contested adversary proceeding that went through trial and this one. A very similar Legal Services Agreement ("LSA") was signed and similar loan modification services rendered. As the Court can see on page 6 of that MDO, that Central District bankruptcy court placed great emphasis on an email from the debtor while services were being rendered that "After my modification goes thorough I'm filing bankruptcy so feel free to charge me anything you want for something you guys haven't done. . . ." Exh. A, MDO, p. 6, ll. 9-11.

In the experience of Plaintiff's counsel, that threat was remarkably similar to the herein Defendant's emails on February 5, 2018, and again on February 7, 2018, while the Plaintiff was actively working on the loan modification process on Defendant's behalf, that Defendant advised Plaintiff that he was contemplating a bankruptcy filing. Any bankruptcy filing would discharge Defendant's debt to the Plaintiff. Id.; *see also* Trial Exhibit PX-2, pp. 88-90.

Mr. Henriquez's emailed threat above was even more similar to the herein Defendant's email on March 12, 2018, stating he was dissatisfied with Plaintiff's legal services rendered because one of Plaintiff's staff members had not called him on the same day he required. Defendant stated he would be meeting with another attorney to file for bankruptcy the next week. It is clear from Defendant's e-mail that he well knew that any bankruptcy filing would discharge Defendant's debt to the Plaintiff and stated this as a threat to the Plaintiff. Id.; *see also* Exhibit PX-2, p. 84.

As the Court can see, the herein Defendant sent *very* similar emails and sent similar messages that Plaintiff was doing nothing for him and that he wanted to seek another attorney to file bankruptcy on his behalf instead.

The most significant difference between the adversary proceeding against Mr. Henriquez and the Defendant herein seems that with Mr. Henriquez the loan modification application was not successful, but here it was.

Defendant's counsel attaches his associate Nancy Klepac's January 12, 2022 settlement email proposing a mutual walkaway. What he does not include is Plaintiff's emailed response of that same day, which included the above attached MDO to show that this action was substantially justified and issuing a much-reduced demand. Vokshori Decl., Para.3; *see also* Exhibit B hereto.

Defendant's counsel also fails to include the prior settlement offers made by the Defendant that provided for payments by Defendant of a sum certain rather than a mutual walkaway, which illustrate the history of settlement negotiations prior to the walkaway offer. Vokshori Decl., Para. 4 and Exhibit C hereto.

### III.

### THE BILLING BY DEFENDANT'S COUNSEL IS UNREASONABLE AND EXCESSIVE

Should this Court make a specific finding that the Adversary Proceeding was *not* substantially justified, there is still the requirement that the fees be "reasonable" and that the award not be "unjust". *See* 11 U.S.C. § 523(d).

Here, counsel is seeking *compensation of over $38,000.00* on a Complaint seeking only reimbursement of $15,538.67. *See* Docket No. 1, AP Complaint. This is an amount *almost two and a half times* the amount in controversy.

Plaintiff's counsel has tracked the time spent in this matter, and the time spent by Defendant's counsel exceeds the amount of time Plaintiff's counsel has spent by a factor of almost three times. Vokshori Decl., Para. 6.

The great number of hours billed by Defendant's counsel was not reflected in the work product of Defendant in this case.

During the trial on March 31, 2022, the Court itself noted that Defendant's counsel "was not the most prepared" due to the great gaps of time between his questions. The Court took repeated breaks as Defendant's counsel appeared to be at a loss and rifled through his papers.

Defendant's filings in the Adversary Proceeding were neither substantive nor well-researched enough to support such a great amount of billing. The discovery engaged in, for which Defendant's counsel billed 24.2 hours, was negligible. All disclosures and discovery responses by the Defendant were boilerplate claims not to have anything, and the dubious claim that all documents were in the possession of Defendant's estranged spouse. Only the most barebones documents were produced, including Defendant's restraining order and dissolution papers from his estranged spouse and a handful of emails with Plaintiff. It is inconceivable that this took 24.2 hours to gather and prepare.

It is also difficult to conceive how Defendant's counsel claims to have spent 25 hours in pretrial hearings, of which there were only a handful and which were heard for only a few minutes each, and 50 hours for the trial itself. As the Court knows, the remote Zoom trial on March 31, 2022 took about half a day as it commenced at 9:30am and was concluded shortly after the lunch break at around 2:00 p.m. The total trial time, excepting the lunch break, was likely less than four (4) hours. Defendant's counsel's performance at the trial, which the Court criticized, in no way demonstrated forty-six (46) hours of trial preparation time.

Based on the foregoing, should the Court find that this Adversary Proceeding was *not* substantially justified when brought by the Plaintiff, despite Plaintiff's success in a very similar proceeding previously, the amount of compensation awarded to Defendant's counsel should be *significantly* reduced to the actual reasonable value of services rendered to the debtor Defendant. If the court were required to award a reasonable fee when an outrageously unreasonable one has been asked for, claimants would be encouraged to make unreasonable demands, knowing that the

only unfavorable consequence of such misconduct would be a reduction of their fee to what they should have asked for in the first place[2].

## IV.

## CONCLUSION

Based on the foregoing, the Plaintiff respectfully submits that its position in this action was substantially justified, based upon its success in a prior, very similar 11 U.S.C. Section 532 action. However, should this Court determine lack of substantial justification, Plaintiff submits that the amount of billing sought by Defendant's counsel is patently unreasonable and it would be unjust to grant such an excessive award.

Dated: 05/11/2022                              Respectfully Submitted,

                                               By: /s/ N. Stephen Vokshori
                                               N. Stephen Vokshori
                                               Vokshori Law Group, APLC

---

[2] This is the rule enounced by California courts in the context of an award of attorneys' fees to the prevailing party on an anti-SLAPP motion. *See* Christian Research Institute v. Alnor (2008) 165 Cal.App.4th 1315, 1322, 81 Cal.Rptr.3d 866.

## DECLARATION OF N. STEPHEN VOKSHORI

I, N. Stephen Vokshori, do hereby declare as follows:

1. I am over the age of eighteen (18) years of age and am licensed to practice law in the State of California. I am the principal and managing attorney at Vokshori Law Group, APLC (hereinafter "Plaintiff"), the Plaintiff in the herein adversary proceeding. The matters as set forth below are true of my own knowledge and, if called upon to do so, I could and would competently testify to them.

2. Defendant Anthony Villa's (hereinafter "Defendant") Motion for Attorneys' Fees argues that the 11 U.S.C. §523(a) adversary proceeding lacked "substantial justification." Defendant's also counsel opines that any competent bankruptcy attorney would have known that our adversary proceeding would be unsuccessful. However, Plaintiff has brought nondischargeability actions in similar factual scenarios and prevailed. The Memorandum Decision and Order we prevailed on in the matter of <u>Vokshori Law Group, APLC v. Wilbert Mauricio Henriquez,</u> Central District of California Bankruptcy Case No. 6:16-bk-11051-MW, Adversary Number 6:16-ap-01072, is attached hereto as **Exhibit A** and incorporated herein by this reference as though fully set forth herein. I concurrently request that the Court take judicial notice of the attached Memorandum Decision and Order.

3. Defendant's counsel attaches his associate Nancy Klepac's January 12, 2022 settlement email proposing a mutual walkaway. What he does not include is our emailed response of that same day. A true and correct copy of my associate Luke Jackson's response to Ms. Klepac is attached hereto as **Exhibit B** and incorporated herein by this reference as though fully set forth herein.

4. Defendant's counsel also fails to include the prior settlement offers made by the Defendant that provided for payments by Defendant of a sum certain rather than a mutual walkaway, which illustrate the history of settlement negotiations prior to the

walkaway offer. True and correct copies of these emails are attached hereto as

**Exhibit C** and incorporated herein by this reference as though fully set forth herein.

5. Defendant's counsel is seeking compensation of over $38,000.00 on a Complaint seeking compensation of $15,538.67. *See* Docket No. 1, AP Complaint.

6. My office has tracked the time spent in this matter, and the time spent by Defendant's counsel exceeds the amount of time we spent by a factor of almost three times.

Executed under penalty of perjury this 11th day of May 2022 at Los Angeles, California.

Dated: May 11, 2022                    _/s/ **N. Stephen Vokshori**_____  _____
                                       Declarant N. Stephen Vokshori

**CERTIFICATE OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I, Trevor Atamian, declare that:

      I am over 18 years of age and not a party to this action.  I am employed in the county where the mailing took place.  My business address is 1010 Wilshire Blvd., Suite 1404, Los Angeles, California 90017.

      On May 11, 2022, I mailed from Los Angeles, California the following documents:

         a.  PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR ATTORNEY'S FEES UNDER 11 U.S.C §523(d); DECLARATION OF N. STEPHEN VOKSHORI IN SUPPORT; EXHIBITS A-D;

         b.  CERTIFICATE OF SERVICE.

      I served the documents by enclosing them in an envelope; and each individual envelope was addressed and mailed as follows:

| | |
|---|---|
| Timothy C. Springer, Esq. | Anthony Villa |
| Nancy Klepac, Esq. | 131 Lighthouse Ave. #12 |
| Law Offices of Timothy C. Springer | Monterey, CA 93940 |
| 4905 N. West Ave., Suite 102 | |
| Fresno, CA 93705 | Office of the U.S. Trustee |
| | 2500 Tulare St., Rm. 1401 |
| David M. Sousa | Fresno, CA 93721 |
| Chapter 7 Trustee | |
| 4112 S. Demaree St. | |
| Visalia, CA 93277 | |

Executed on May 11, 2022 at Los Angeles, California.

I declare under penalty of perjury that the foregoing is true and correct.

                 /s/ Trevor Atamian
                 Trevor Atamian